Norman Leroy **BROWN**, Appellee,

v.

John L. **WARD**, Appellant.

No. 14472.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1970.

Decided Nov. 18, 1970.

**1286**

Daniel Lee Brawley, Wilmington, N. C. (Marshall, Williams & Gorham, Wilmington, N. C. on brief), for appellant.

R. Mayne Albright, Raleigh, N. C., for appellee.

Before BRYAN and WINTER, Circuit Judges, and MARTIN, District Judge.

PER CURIAM:

In this diversity action in which a minor plaintiff obtained judgment against defendant for personal injuries sustained when plaintiff fell from defendant's truck, we find no reversible error. The findings of the district judge are admittedly not clearly erroneous and his application of the law of North Carolina unexceptionable.

Defendant argues, however, that it was erroneous to permit plaintiff to recover as an employee of defendant, rather than as an invitee or guest as alleged in the pleadings, and that it was improper for his counsel to raise and press the issue that plaintiff was an employee. We disagree that plaintiff should not be permitted to recover as an employee because the pleadings may be amended even after verdict to make them conform to the proof. Rule 15(b), F.R.Civ.Pro. And this is true even though they were previously amended to omit the allegation that plaintiff was defendant's employee.

Defendant's contention is important to him with respect to the scope of his insurance protection. Defendant's insurer is not a party to this proceeding, although it supplied counsel to defend the action under a reservation of its rights. Whether defendant has any rights against his insurer for breach of its covenant to defend him is, therefore, not before us, but it is in such an action, if defendant be advised to institute one, that defendant's contentions would be pertinent. In such an action the contentions could be litigated de novo; they would not be foreclosed or restricted by the district court's findings in this case.

Affirmed.